

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# Mota-Hernandez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3226

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Mota-Hernandez v. Atty Gen USA" (2004). *2004 Decisions.* Paper 304.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/304

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3226
_____

REYNA MOTA-HERNANDEZ,

Appellant

v.

JOHN ASHCROFT, In His
Capacity as Attorney
General, USA

_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 03-cv-03459
District Judge: Honorable Ronald J. Buckwalter

_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2004

Before: MCKEE, ROSENN, and WEIS, Circuit Judges

(Filed:    September 30, 2004)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Reyna Mota-Hernandez ("Mota-Hernandez") timely appeals the order of the District

Court denying her Petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Mota-

Hernandez asserts that 8 U.S.C. § 1252(a)(2)(B) unconstitutionally removes judicial review of discretionary decisions made by the Board of Immigration Appeals ("BIA"), and thus denies due process. The District Court held that there was no basis for declaring § 1252(a)(2)(B) unconstitutional, and that it lacked jurisdiction to review the BIA's denial of her application for cancellation of removal. We affirm.

Mota-Hernandez entered this country illegally, either in 1982 or 1989, from Mexico. In 1997, the Immigration and Naturalization Service charged her with removability. Mota-Hernandez conceded removability, but sought cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1), which allows the Attorney General to cancel removal if the applicant: "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of" certain offenses; "and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States . . . ." 8 U.S.C. § 1229b(b)(1).

At a hearing before a careful, patient, and sensitive Immigration Judge ("IJ"), Mota-Hernandez testified that three of her four children were born in the United States, that she has held various full-time jobs since arriving in the United States, has paid income taxes, and has never been convicted of an offense. She lives in Reading, Pennsylvania, with her children and the father of three of her children. Mota-Hernandez also testified that her son is

2

asthmatic, and that she would not be able to provide him with medication should she be removed to Mexico.

Although the IJ recognized the pathos in Petitioner's case, he concluded that none of Mota-Hernandez's children suffered from a serious illness, and that they would be able to adjust to life in Mexico. Thus, the IJ held that Mota-Hernandez failed to show that her children would suffer "exceptional and extremely unusual hardship" if she was removed to Mexico, and denied her application for cancellation of removal. In a written per curiam order, the BIA affirmed the IJ's decision. Mota-Hernandez appealed the BIA's order to this Court, which held that it lacked jurisdiction to review the BIA's discretionary decision, and accordingly affirmed the BIA's order.

In this § 2241 proceeding, Mota-Hernandez argues, in essence, that the BIA reached the wrong determination on hardship. The BIA's determination that Mota-Hernandez's children will not suffer "an exceptional and extremely unusual hardship" is a discretionary decision which, under 8 U.S.C. § 1252(a)(2)(B), this Court is without jurisdiction to review. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). Further, as this Court has recently held, the scope of § 2241 habeas review in the immigration context is "confined to questions of constitutional and statutory law," and excludes review of discretionary determinations. Bakhtriger v. Elwood, 360 F.3d 414, 424 (3d Cir. 2004).

To the extent that Mota-Hernandez's Petition can be read as asserting a due process claim, it asserts no basis for holding that the Constitution requires judicial review of the

3

BIA's discretionary decisions.

The order of the District Court will be affirmed.  Each side to bear its own costs.